

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 13, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-543

Re: Basis of allocation to
school and road dis-
tricts of funds paid to
the State by the United
States from monies re-
ceived by the United
States from the leasing
of lands acquired by the
United States for flood-
control purposes.

Dear Mr. Sheppard:

You request our opinion as to the proper method to be used
in allocating the funds on deposit in the "Flood Area School and
Road Fund" to the school and road districts located within, or partly
within, a flood control district or flood control area. These funds
were paid to the State of Texas by the Secretary of the Treasury of
the United States in pursuance of the provisions of the Act of Con-
gress, August 18, 1941, Chapter 377, Sec. 7, 55 Stat. 650, as amended
33 U.S.C.A. Sec. 701c-3 which reads as follows:

"75 per centum of all moneys received and deposited
in the Treasury of the United States during any fiscal
year on account of the leasing of lands acquired by the
United States for flood-control purposes shall be paid
at the end of such year by the Secretary of the Treasury
to the State in which such property is situated, to be ex-
pended as the State legislature may prescribe for the
benefit of public schools and public roads of the county,
or counties, in which such property is situated: Provid-
ed, That when such property is situated in more than
one State or county, the distributive share to each from
the proceeds of such property shall be proportional to
its area therein."

S. B. No. 343, 49th Legislature, Chap. 250, reads, in part,
as follows:

"Section 1. The Comptroller of Public Accounts of
this state is hereby authorized to receive and receipt

for all funds due or payable, or hereafter to become due or payable, by virtue of the Act of Congress of August 18, 1941, Chapter 377, Section 7, 55 Stat. 650, 33 U.S.C.A., Section 701c-3. All of such funds shall be placed in a separate account entitled 'Flood Area School and Road Fund' to the credit of the Comptroller of Public Accounts and shall never become a part of the general funds of the state. The Comptroller shall annually pay over such funds to the school district or districts, county, or other political subdivision, as hereinafter provided, to be expended for school purposes, or on the roads, as contemplated by the Act of Congress.

"Sec. 2. It shall be the duty of each school district tax collector, county tax collector, or other person charged with the duty of collecting school taxes or road taxes, the territory of which district, county or other political subdivision is within, or partly within, any flood control district, or flood control area, created or designated under authority of law, to prepare and file with the Comptroller of Public Accounts of this state a report under oath showing the total number of acres of land acquired by the United States for flood control purposes within the boundaries of such school district, county, or other political subdivision; and the tax rate per one hundred dollars of valuation for school purposes and for road purposes levied by such district, county, or other political subdivision for the year in which such report is made.

"Sec. 3. On or before the 15th day of September of the year 1945 and each year thereafter, the Comptroller of Public Accounts shall pay to the school district or districts and to the county or other political subdivision collecting road taxes, their proportionate share of funds on deposit in such 'Flood Area School and Road Fund' which were produced by leases upon lands acquired by the United States for flood control purposes located within such school district, county or other political subdivision, the pro rata to be allotted to the school districts and to the road taxing entity to be based upon the proportion which their respective tax rates bears to the sum of the two rates. The Comptroller shall add the school district tax rate and the road tax rate together and the school district shall be entitled to receive such a percentage of the 'Flood Area School and Road Fund' as their tax rate bears to the sum of the school tax rate and the road tax rate; and the county, or other road taxing entity,

shall be entitled to receive its proportionate part
of such fund based upon the proportion which its
tax rate bears to the sum of the two tax rates...."

The emergency clause of S. B. 343 reads, in part, as
follows:

". . . and the further fact that the acquisition of
properties by the United States in areas in this
state has worked a hardship upon the school dis-
tricts of Texas in which such public works are
located, and that their tax funds have been depleted
by the acquisition of properties by the United States;
. . ."

If the Legislature had intended that the basis of allocation
was to be the amount of rental received from lands within the school
or road districts, it doubtless would have indicated that intent by
making some provision for you to obtain that information.

Your office has informed us that the Federal Government,
when it pays this money to the State, allocates it as between the
counties entitled to receive same.

You will note that Section 2 of S.B. 343 provides that the
tax collectors charged with the duty of collecting school and road
district taxes shall file a report with you, showing the total number
of acres acquired by the United States for flood control purposes
within the boundaries of the school and road districts, and the tax
rate for school and road purposes. Section 3 of the Act provides
that the funds are to be prorated on the basis of the tax rate, and
does not mention acreage. However, if the amount of acreage own-
ed by the United States located within the various districts was not
to be considered in the allocation of the funds to the districts, the
provision directing the tax collectors to report the number of acres
would be a useless requirement. It is evident that the school and
road districts are deprived of taxable property when lands within
such districts are acquired by the United States. This is so, wheth-
er such property is leased by the United States or not. The purpose
disclosed by both the Federal Act and S.B. 343 (see portion of Emer-
gency Clause quoted above) is to reimburse the school districts and
road districts for the loss of taxes on lands acquired by the United
States whose property is tax exempt.

It is therefore our opinion that the funds allotted to each
county should be distributed to the school and road districts accord-
ing to the following formula:

A = Amount of funds to be allocated
R = Tax rate of school or road district
N = Number of acres acquired by United States within
    the school or road district
R x N = School or Road District numerator
S = Sum of the numerators of all School and Road Districts in Flood Control District

$$\frac{R \times N}{S} \times A = \text{Amount to be distributed to each School and Road District}$$

    Only the land located within the particular county should be considered in the above formula, although the School or Road District may extend into an adjoining county.

## SUMMARY

    The funds allotted to each county and so paid to this State by the United States from monies received from the leasing of lands acquired by the United States for flood-control purposes should be allocated to the various school and road districts according to the following formula:

A = Amount of funds to be allocated
R = Tax rate of school or road district
N = Number of acres acquired by United States within
    the school or road district
R x N = School or Road District numerator
S = Sum of the numerators of all School and Road Districts in Flood Control District

$$\frac{R \times N}{S} \times A = \text{Amount to be distributed to each School and Road District}$$

Yours very truly

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

WVG/JCP

ATTORNEY GENERAL OF TEXAS

By    *W. V. Geppert*

W. V. Geppert
Assistant